IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

SAMUEL REYNOLDS, JR.                                                               PLAINTIFF

vs.                                           CIVIL NO. 07-5109

MICHAEL J. ASTRUE,
COMMISSIONER, SOCIAL SECURITY ADMINISTRATION                       DEFENDANT

## MEMORANDUM OPINION

Samuel Reynolds ("plaintiff"), brings this action pursuant to § 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying his application for a period of disability and disability insurance benefits ("DIB") under Title II of the Act.

**Background:**

On March 11, 2005, an administrative law judge (ALJ) issued a decision denying plaintiff's claim for a period of disability insurance benefits. (Doc. # 5). Thereafter, plaintiff requested review of the ALJ's decision by the Appeals Council. On January 31, 2006, the Appeals Council denied plaintiff's request for review and mailed notice of this decision to plaintiff at P. O. Box 8035, Siloam Springs, Arkansas 72764. (Doc. # 5-2). Said notice also advised plaintiff of his right to commence a civil action in the district court within sixty days from the date of receipt. Plaintiff requested an extension of time to file a civil action and the Appeals Council denied plaintiff's request on May 3, 2007. A copy of the Appeals Council's decision was mailed to both plaintiff, at 404-B S.E. 12th Street, Bentonville, AR 72712-7550, and plaintiff's counsel, Evelyn Brooks. (Doc. # 5-2). On June 11, 2007, plaintiff filed his complaint for relief. (Doc. # 1).

A motion to dismiss was filed by the Commissioner on August 31, 2007, alleging that

plaintiff's complaint was untimely filed. (Doc. # 5, 6). On September 5, 2007, plaintiff filed a response stating that he was not appealing the Commissioner's final decision, rather he was seeking relief from the Appeals Council's decision denying him an extension of time to file his appeal with this court. (Doc. # 7, 8). Citing no case law to support his position, plaintiff contends that equitable tolling is justified because plaintiff was unrepresented at the agency level and displaced by Hurricane Katrina, which rendered him unable to find paperwork and counsel until after the deadline for filing a district court action had passed. Plaintiff also alleges that the Appeals Council's decision dated May 2007 was not based on substantial evidence because it stated that plaintiff had not proven that he resided in New Orleans, in spite of the fact that the Administration had previously mailed documents to him via a New Orleans address.

**Applicable Law:**

"The United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941). According to the "basic rule of federal sovereign immunity," Congress must consent to suit in order for the United States to be sued. *Block v. North Dakota*, 461 U.S. 273, 287 (1983). And it is Congress that is constitutionally empowered to prescribe the procedures and conditions for judicial review of administrative orders. *Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958).

Congress prescribed the procedures and conditions for the judicial review of final decisions made by the Commissioner on claims under Title II or Title XVI of the Social Security Act ("Act") in 42 U.S.C. § 405(g) and 42 U.S.C § 405(h), which state in relevant part:

(g) Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow.

(h) The findings and decision of the Commissioner after a hearing shall be binding upon all individuals who were parties to such hearing. No findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner, or any officer or employee thereof shall be brought under section 1331 or 1346 of title 28 . . . to recover on any claim arising under this title.

Thus, generally speaking, the only civil action that an individual may bring on any claim arising under Title II or Title XVI of the Act is an action to review the final decision that the Commissioner has made after hearing the case, and the individual must commence that action within sixty days after receiving notice of the Commissioner's final decision or within such further time as allowed by the Commissioner. *Bowen v. City of New York*, 476 U.S. 467, 481 (1986). The United States Supreme Court has allowed for equitable tolling of the sixty-day limitations but only in rare instances. *Id*. at 480.

Equitable relief has been extended sparingly and only in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. *See Turner*, 862 F.2d at 710. The courts have been much less forgiving when receiving late filings from a claimant who has failed to exercise due diligence in preserving his legal rights. *Bess v. Barnhart*, 337 F.3d 988, 990 (8th Cir. 2003) (finding no grounds for equitable tolling where plaintiff failed to notify the SSA of his new address); *Medellin v. Shalala*, 23 F.3d 199, 204 (8th Cir. 1994) (citing *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1990);

*Wong v. Bowen,* 854 F.2d 630, 631 (2d Cir. 1988) (equitable tolling denied even though claimant for social security disability benefits asserted that illness prevented her from timely filing an action in federal district court).

**Discussion:**

In the present case, plaintiff seeks to appeal the decision of the Appeals Council to deny him an extension of time to file a civil action in this court. We note, however, that the Appeals Council's decision to deny an extension of time for filing a civil action in federal district court can be ruled on without a hearing, and as such, is not a "final decision of the Secretary made after a hearing." *See Califano v. Sanders,* 430 U.S. 99, 108, 97 S.Ct. 980, 985, 51 L.Ed.2d 192 (1977); *Turner v. Bowen*, 862 F.2d 708, 709-710 (8th Cir. 1988). Therefore, we agree with the Commissioner that we must view plaintiff's complaint as an untimely filed action for judicial review.

However, given the facts of this case, we do not believe that this is a case "where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" *Bowen,* 476 U.S. at 480 (quoting *Mathews v. Eldridge,* 424 U.S. 319, 330 (1976)); *Lively v. Bowen*, 827 F.2d 268, 269 (8th Cir. 1987) (no tolling where challenge was not to the procedures employed by Secretary but to the merits of Secretary's decision). Plaintiff contends that he was unable to timely appeal his decision due to the impact of Hurricane Katrina. While it is possible that plaintiff lived in New Orleans at the time of Hurricane Katrina and had misplaced some of his important documents, the Notice of Appeals Council Action was mailed to plaintiff in Siloam Springs, Arkansas, not New Orleans. It is apparent that plaintiff was able to change his address with the Administration after relocating to Arkansas and was forwarded mail at his new address. Then in August 2006, plaintiff was able to file a second application for benefits, at which time he made

no mention of his need for assistance with regard to an appeal of the first decision. Given these facts, we do not believe that the aftermath of Hurricane Katrina impacted plaintiff's ability to appeal the Commissioner's decisions.

We also find no merit in plaintiff's argument that his inability to obtain legal representation until over one year after the Appeals Council's denial entitles him to equitable tolling. The United States Court of Appeals for the Eighth Circuit has determined that "ignorance of legal rights does not toll a statute of limitations." *Larson v. American Wheel & Brake, Inc.,* 610 F.2d 506, 510 (8th Cir. 1979). Regardless, in all cases, the Administration provides information to individuals to assist them in obtaining legal representation, as well as how to pursue their appellate rights without the assistance of legal representation. Therefore, we do not believe that equitable tolling is applicable to the facts in this case.

**Conclusion**:

Accordingly, the Commissioner's motion to dismiss is granted and the plaintiff's complaint is dismissed with prejudice.

IT IS SO ORDERED this the <u>10th</u> day of September 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE